Leo L. Esses, Esq.
THE ESSES LAW GROUP, LLC
845 Third Avenue, 6th Floor
New York, New York 10022
Telephone: 212-673-3160
Fax: 212-845-9981
leo@esseslaw.com
*Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVENS & COMPANY, LLC
D/B/A THE CHEF AGENCY,

        Plaintiff,

    v.

JIAQI TANG
and NICOLE MILLER,

        Defendants.
-----------------------------------------------------------------X

Case No.: 23-CIV-1835 (JPO)

**COMPLAINT**

   Plaintiff Stevens & Company, LLC d/b/a The Chef Agency ("TCA" or "Plaintiff"), appearing by and through its counsel, The Esses Law Group, LLC, as and for its complaint against defendants Jiaqi Tang ("Tang") and Nicole Miller ("Miller", together with Tang, the "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

   1. Through this action, Plaintiff seeks damages against Defendants as a result of breach of their contracts with Plaintiff. Plaintiff further seeks injunctive relief barring Defendants from continuing to breach their contracts.

1

2. Plaintiff is one of the premier recruiting firms in the hospitality industry, searching and providing to high end clients excellent talent, including high end chefs, and front and back of the house managers.

3. Defendants were contracted by Plaintiff to recruit candidates and place them with Plaintiff's high end clientele.

4. After entering into the contracts, Defendants took hold of Plaintiff's proprietary information, hijacked Plaintiff's candidate and clients, and opened up a direct competing business with Plaintiff.

5. All of the actions complained of herein are in direct breach of the unambiguous terms and conditions of Defendants' written contracts with Plaintiff.

6. All of Defendants' actions were calculating, deliberate and intentional.

7. All of Defendants' actions were illegal.

8. When confronted, Defendants denied that they had opened up a competing business or were actually competing with Plaintiff.

9. Website, emails, online profiles and other actions of Defendants' contradict their phony denials.

10. To this day, Defendants are in material breach of their contractual obligations to Plaintiff.

11. Plaintiff continues to incur damages as a result of Defendants' illegal, improper and unethical behavior.

12. Accordingly, Plaintiff is entitled to monetary damages, as well as injunctive relief.

## THE PARTIES

13. TCA is a New York limited liability company authorized to conduct business in the State of New York. TCA's primary place of business is in New York County. The sole member of TCA is a New York resident.

14. Upon information and belief, Tang is an individual residing at 4513 Eagle Rock Blvd., Los Angeles, CA 90041.

15. Upon information and belief, Miller is an individual residing at 14345 Erin Lane, Poway, CA 92064.

## JURISDICTION AND VENUE

16. This Court has general and personal jurisdiction over the Defendants in accordance with the written agreements between the parties.

17. Venue is also proper in New York County because Plaintiff resides in New York County, the injuries occurred in New York County and Defendants agreed in the written agreements to venue in New York County.

18. Specifically, the agreements between the Plaintiff and each of the Defendants state:

> This Agreement shall be governed by the laws of the State of New York without regard to conflict of law principles. The parties hereto hereby consent to the exclusive jurisdiction of the Supreme Court of the State of New York, County of New York, and the United States District Court for the Southern District of New York for all purposes in connection with any legal proceeding between them relating to or arising out of this Agreement

## FACTUAL ALLEGATIONS

19. TCA is one of the leading recruiting firms in the United States specializing in the food and beverage industry.

20. TCA's name is well known in the hospitality industry, and clients of TCA include some of the most notable names in the food and beverage industry.

21. TCA's team of in-house and regional partners across the United States help identify talent for corporate, domestic, and front and back office house positions.

22. TCA continually searches for talented recruiters across the United States to join its team of regional partners.

23. TCA provides its regional partners with the use of its name and other intellectual property (the "TCA Marks").

24. TCA provides its regional partners with the use of TCA's distinct operating methods, procedures, standards and specifications (the "TCA Systems").

25. TCA provides its regional partners with access to TCA's customer relationship Management Software (the "TCA Database").

26. Defendants sought to become part of the TCA team of regional partners.

27. Defendant's sought to become part of TCA in order to utilize the TCA Marks, TCA Systems and TCA Database.

28. TCA and each of the Defendants entered into Regional Partnership Agreements (each, an "Agreement", together the "Agreements").

29. Tang's Agreement is dated June 24, 2022.

30. Miller's Agreement is dated October 5, 2021.

31. The term of Tang's Agreement was for one year, unless otherwise terminated in accordance with the Agreement.

32. The term of Miller's Agreement was for two years, unless otherwise terminated in accordance with the Agreement.

33. In return for their services to TCA, the Agreements provided for each of the Defendants to be paid a Placement Fee.

34. The Placement Fee for each regional partner was a percentage of the amounts collected by TCA from its clients for a placement of a candidate.

35. In return for use of the TCA Marks, TCA Systems and TCA Database, and the payment of the Placement Fee, Defendants agreed to maintain TCA's Confidential Information as confidential.

36. In return for use of the TCA Marks, TCA Systems and TCA Database, and the payment of the Placement Fee, Defendants agreed that:

> Regional Partner shall not, directly or indirectly, whether on its own or through any company or person with whom Regional Partner has any familial, financial, ownership, employment interest or through any Worker (i) contact or attempt to contact, or attempt to or actually hire, any person who works for TCA or worked for TCA during the one (1) year period prior, (ii) persuade or attempt to persuade, any client or prospective client of TCA with

5

whom Regional Partner had any contact while engaged by TCA to restrict, limit or discontinue using the services provided by TCA or to reduce the amount of business that any such client has customarily done with TCA, or solicit, take away or attempt to solicit or take away any such client or prospective client from TCA, or (iii) interfere in any manner whatsoever with any perspective or actual contractual relationship between TCA and any person or entity.

37. In return for use of the TCA Marks, TCA Systems and TCA Database, and the payment of the Placement Fee, Tang agreed that:

> Regional Partner shall not, directly or indirectly, whether on its own or through any company or person with whom Regional Partner has any familial, financial, ownership, employment interest or through any Worker, perform a Competitive Service or enter into a competitive business with a Competitor of TCA. "Competitive Service" means any service, product or process in existence or under development which is the same or substantially similar to those services, products or processes that are sold or offered for sale by TCA, including, without limitation, professional staff recruiting and placement services. "Competitor" means any business organization (of whatever form) or person engaged in whole, or in relevant part, in any business or enterprise that is the same as or similar to the business conducted by TCA at the time of termination of Regional Partner's engagement under this Agreement.

38. In return for use of the TCA Marks, TCA Systems and TCA Database, and the payment of the Placement Fee, Miller agreed that:

> Regional Partner shall not, directly or indirectly, whether on its own or through any company or person with whom Regional Partner has any familial, financial, ownership, employment interest or through any Worker, enter into a competitive business with TCA.

6

39. Each of the Agreements further provides:

    If Regional Partner fails to comply with any provision of this Agreement or any mandatory specification, standard, or operating procedure prescribed by TCA, TCA may terminate this Agreement effective immediately upon delivery of written notice of termination to Regional Partner if Regional Partner does not correct such breach within seven (7) days after delivery to Regional Partner of such notice of breach. TCA may also immediately terminate this Agreement for Cause, effective upon receipt by Regional Partner of written notice of such termination for Cause. "Cause" means: (i) Regional Partner engages in any fraudulent act or misrepresentation; (ii) if TCA, in its judgment, determines that its business reputation is negatively impacted by the poor quality of services rendered by Regional Partner, (iii) Regional Partner is arrested and/or convicted or a crime, (iv) Regional Partner commits act of moral turpitude; (v) Regional Partner breaches Sections 5, 6, 8, 10, 11, 12 or 13, or (vi) it is determined in TCA's sole judgment that Regional Partner is not accomplishing the goals of this Agreement. If TCA terminates this Agreement for Cause, Regional Partner shall not be entitled to any further Fee whatsoever.

40. Each of the Agreements further provides:

    Regional Partner acknowledges that the actual or threatened breach of this Agreement shall cause irreparable harm to TCA. Accordingly, Regional Partner agrees that if it threatens to breach or actually breaches this Agreement, TCA shall suffer irreparable harm and shall be entitled to immediate ex-parte injunctive relief without the need for a bond or undertaking, regardless of whether monetary damages are available to TCA for such threatened or actual breach. In addition to immediate injunctive relief, TCA shall also have the right to pursue any and all other rights and remedies available at law or in equity for such a breach or threatened breach. These rights shall be cumulative and in addition to any other rights or remedies to which TCA may be entitled. Notwithstanding anything contrary in this Agreement,

   TCA may seek such injunctive relief in either the Courts of New York, as set forth above, or the territory in which the Regional Partner is located.

41. Each of the Agreements further provides:

   If TCA is required to enforce this Agreement in a judicial or other proceeding, Regional Partner shall reimburse TCA for all costs and expenses, including, without limitation, reasonable accountants', attorneys', attorney assistants', and expert witness fees, costs of investigation and proof of facts, court costs, other litigation expenses, whether incurred prior to, in preparation for or in contemplation of the filing of any such proceeding. Each term, covenant, or condition of this Agreement shall be valid and be enforced to the fullest extent permitted by law.

42. Each of the Agreements further provides:

   Regional Partner shall indemnify, defend and hold TCA harmless, including all of TCA's shareholders, directors, officers, employees, agents, representatives, successors and assigns (the "Indemnified Parties"), from and against, and to reimburse any one or more of the Indemnified Parties for, any and all claims, obligations and damages directly or indirectly arising out of any Business or Services conducted by Regional Partner, or Regional Partner's breach of this Agreement. For purposes of this indemnification, "claims" include all obligations, damages (actual, consequential, punitive or otherwise) and costs that any of the Indemnified Parties incur in defending any claim against it, including, without limitation, reasonable accountants', arbitrators', attorneys' and expert witness fees, costs of investigation and proof of facts, court costs, and other expenses of litigation, arbitration or alternative dispute resolution, including travel and living expenses, regardless of whether litigation, arbitration or alternative dispute resolution is commenced. Each of the Indemnified Parties may defend and control the defense of any claim against it which is subject to this indemnification at Regional Partner's expense, and Regional Partner may not settle any claim or take any other remedial, corrective or other actions

        relating to any claim without TCA's written consent, which may unreasonably be withheld. In addition to the preceding, Regional Partner shall also solely be responsible for any and all costs, damages, collections costs, and attorneys' fees, costs and expenses related to Services provide by Regional Partner that go into collection or result in a lawsuit.

43. While working at TCA, utilizing TCA Marks, TCA Systems and TCA Database, and being paid, Defendants worked to establish a competing business.

44. On or about November 30, 2022, Defendants opened a competing business, named Perfect Hire LLC.

45. Perfect Hire LLC is a California limited liability company.

46. Tang is listed as a manager of Perfect Hire LLC.

47. Miller is listed as a manager of Perfect Hire LLC.

48. Defendants have created a website for their competing business, [www.perfecthire.com](www.perfecthire.com).

49. On March 28, 2023, the website offered recruiting services for positions of, among others, executive chefs, souse chefs, hotel managers and beverage directors.

50. The sole purpose of opening Perfect Hire LLC was to directly compete with TCA.

51. Tang is listed on the Perfect Hire LLC website as the Founder of Perfect Hire LLC.

9

52. Miller lists herself on Perfect Hire LLC emails as the Co-Founder of Perfect Hire LLC.

53. Miller's email address at Perfect Hire LLC is nm@perfecthireagency.com

54. Defendants are utilizing TCA's candidates that they became aware of solely as a result of their working for TCA.

55. Defendants are utilizing TCA's clients that they became aware of solely as a result of their working for TCA.

56. Defendants are utilizing relationships with TCA's clients that they obtained solely as a result of their working for TCA.

57. Defendants are intentionally permitting TCA clients to believe that Defendants are still working for TCA and providing candidates recommended by TCA.

58. Tang resigned from TCA on November 28, 2022.

59. Miller was terminated for cause by TCA on December 13, 2022.

60. Defendants' improper and illegal actions were, and continue to be, malicious and intentional.

61. Defendants' improper and illegal actions were, and continue to be, a breach of the Agreements.

62. TCA has been greatly harmed and is entitled to damages.

## FIRST CAUSE OF ACTION
(Breach of Contract)

63. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. Tang and TCA entered in the written Agreement.

65. Miller and TCA entered into the written Agreement.

66. TCA has abided by all terms and complied with all obligations of the Agreements.

67. Tang has breached the Agreement.

68. Miller has breached the Agreement.

69. The Defendants' breach of the Agreements has caused damage to TCA.

70. Accordingly, TCA is entitled to recover damages in an amount to be determined at trial, but in no event less than $100,000, plus pre- and post-judgment interest, and attorneys' fees, expenses and costs.

## SECOND CAUSE OF ACTION
(Tortious Interference with Business)

71. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72. TCA has ongoing relationships with its clients and candidates.

73. Defendants were, and are, aware at all times of such relationships and the importance thereof.

74. Defendants intentionally, willfully, maliciously and unjustifiably interfered, and continue to interfere, with TCA's business relations with TCA's candidates and clients.

75. The sole purpose of such intentional, willful, malicious and unjustifiable actions of Defendants was to enrich themselves at the detriment of TCA.

76. In doing so, Defendants acted in a dishonest, unfair and improper manner in violation of their duty of loyalty to TCA.

77. Accordingly, TCA is entitled to recover damages in an amount to be determined at trial, plus pre- and post-judgment interest, and attorneys' fees, expenses and costs.

## THIRD CAUSE OF ACTION
(Injunctive Relief)

78. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79. Defendants are intentionally utilizing TCA's confidential information in breach of their unambiguous contractual promise to not so act.

80. Despite numerous requests of TCA, Defendants not only refuse to stop such offensive conduct, but at times have untruthfully denied that they are in direct competition with TCA.

81. There is no stopping Defendants from ceasing such offensive conduct.

82. TCA will continue to be irreparably harmed if the Defendants are permitted to continue.

83. Accordingly, Defendants should be permanently enjoined from continuing such offensive conduct and required to comply with all terms of the Agreements.

84. TCA has no adequate remedy at law.

FOURTH CAUSE OF ACTION
(Attorneys' Fees)

85. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

86. The Agreements provide that TCA is entitled to attorneys' fees, costs and expenses in relation to TCA's litigation of these matters.

87. Accordingly, TCA is entitled to recover damages in an amount to be determined at trial, plus pre- and post-judgment interest, and attorneys' fees, expenses and costs.

**WHEREFORE**, TCA respectfully request this Court to enter judgment in its favor against Defendants as follows:

i. As to the First Cause of Action, the amount of no less than $100,000, plus pre- and post-judgment interests, attorneys' fees and costs;

ii. As to the Second Cause of Action, an amount to be determined at trial, plus pre- and post-judgment interests, attorneys' fees and costs;

iii. As to the Third Cause of Action, an injunction barring Defendants from breaching the Agreements;

  iv. As to the Fourth Cause of Action, an amount to be determined at trial;

  v. Granting attorneys' fees and costs to TCA; and

  vi. Granting TCA all such other and further relief as this Court deems just and proper.

Dated: New York, New York
   March 30, 2023

        THE ESSES LAW GROUP, LLC

        By: *Leo L. Esses*
         Leo L. Esses
        845 Third Avenue, 6th Floor
        New York, New York 10022
        Tel: (212) 673-3160
        leo@esseslaw.com
        *Counsel to Plaintiff*