UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

STEVENS & COMPANY, LLC
D/B/A THE CHEF AGENCY,

                          Plaintiff,

      -against-

JIAQI TANG
And NICOLE MILLER,

                          Defendants.

------------------------------------------------------------------------------x

Case No.: 23-CV-1835 (JPO)

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

      **WHEREAS** the Parties (as defined below) having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     All information produced by the Parties in this action shall be subject to the terms and provisions set forth herein.

      2.     The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

           a.     The "Parties" to this action shall mean (i) Plaintiff, Stevens & Company, LLC d/b/a The Chef Agency, as well as its employees, representatives, and any authorized agent(s), attorney(s) or other entities or person(s) acting on its behalf ("Plaintiff"); and (ii) Defendants, Jiaqi Tang and Nicole Miller, and any attorneys acting on their behalf ("Defendants").

           b.     "Confidential Information" means any information, not generally available to the public, pertaining to Plaintiff, and/or Plaintiff's employees, clients, consumers, vendors, distributors or business practices, Defendant, and/or Defendant's employees, clients, consumers, vendors, distributors or business practices, where such information or documents are designated by the producing Party as confidential or contain information not generally and lawfully known to the public at large, including information that is proprietary, a trade secret, or non-public business, commercial, financial, or otherwise sensitive in nature (including records of a personal or intimate nature, such as records of medical and/or psychological treatment). The term "Confidential" applies not only to the materials

originally produced by the Parties but also any derivative of such materials, including but not limited to copies, notes, summaries, or other materials containing Confidential Information.

3. Counsel for any Party may designate any document or information, in whole or in part, as Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in his, her, or its Confidential Information. Designation as Confidential must occur in one of the following ways:

    a. Information contained in any document (or other physical item) or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy or part of it delivered to the other Party;

    b. Information set forth in an affidavit may be so designated by including the word "CONFIDENTIAL" in the affidavit; or

    c. Testimony of any witness deposed on oral examination, or a portion thereof, may be designated "Confidential" by making a statement on the record at the deposition or by marking the pertinent portion of the transcript "CONFIDENTIAL" within thirty (30) days of receipt of the transcript and serving a copy of the marked transcript upon the opposing party.

4. All transcripts of depositions shall be treated as "Confidential" until the 30-day period expires. Any portions of a deposition transcript discussing designated Confidential Information shall automatically be deemed confidential..

5. Copies of documents received from third parties pursuant to subpoenas shall be furnished to all counsel to allow the opportunity for a designation, in whole or in part, as "Confidential." Counsel shall have thirty (30) days to make and deliver such designations, during which time all those documents will be treated as "Confidential."

6. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action and for no other purpose.

7. In the event a Party challenges or objects to another Party's designation of confidentiality, counsel for the objecting Party shall serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection. Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court.

8. Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

9. Any Party that desires relief from the provisions of this Stipulation and Order or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days' notice to the opposing Party.

10. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting Party (including any officer or employee of any Party necessary to the prosecution or defense of this action) and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Representatives of insurance companies of the Parties;

    d. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that such third parties are not competitors of Defendant or in any way employed or associated with a facility or enterprise that competes with Defendant, and further provided such person has first executed an Agreement in the form attached to this Stipulation and Order;

    e. Any witness called to testify at deposition or any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Agreement in the form attached to this Stipulation and Order;

    f. Stenographers engaged to transcribe depositions conducted in this litigation; and

    g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

Notwithstanding the above, nothing shall limit the Party to whom the confidentiality interest belongs from disclosing his, her or its own Confidential Information. Each Party may disclose their own Confidential Information without regard to this Stipulation and Order unless otherwise under an existing duty to another person or entity to refrain from doing so.

**In addition, the Parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only" or "Attorneys' and Experts' Eyes Only."**

11. Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 9(d) or (e) above, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.  Require each such person to sign an agreement to be bound by this Stipulation and Order in the form attached hereto. Counsel shall retain each signed agreement.

  12.  The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information as set forth in this paragraph 12. Within fourteen (14) days of production of a document ("14 Day Period"), the producing person may identify and designate any document or information as "Confidential" by informing all Parties in writing. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. If a disclosing party does not designate a document or information as "Confidential" within the 14 Day Period, the disclosing party waives its right to designate such document "Confidential."

  13.  The Parties shall follow the Court's procedures for requests for filing under seal. Any Confidential Information may be filed with the Court without seal if agreed to by the Parties or otherwise ordered by the Court.

  14.  This Stipulation and Order shall survive the termination of the litigation. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

  15.  Nothing in this Stipulation and Order will prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the disclosing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the disclosing party will bear the burden, with the help of the requested party without any out of pocket expenses thereto, to oppose compliance with the subpoena, other compulsory process, or other legal notice if the disclosing party deems it appropriate to do so.

  16.  Violations by a person of any terms of this Stipulation and Order may be grounds for actual damages, including other penalties and sanctions in an amount deemed appropriate by the Court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. Pending court approval of this Stipulation and Order, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

SO STIPULATED AND AGREED.

Dated: February 1, 2024

_____
Leo Esses, Esq.
THE ESSES LAW GROUP, INC
*Attorneys for Plaintiff*
845 Third Avenue, 6th Floor
New York, New York
(212) 673-3160

_____
Daniel Folchetti, Esq.
VALIANT LAW
*Attorneys for Defendant*
Jiaqi Tang
303 Old Tarrytown Road
White Plains, New York 10603
(914) 730-2422

_____
Kelley Rutkowski, Esq.
WEINSTEIN & KLEIN
*Attorneys for Defendant*
Nicole Miller
500 7th Avenue, 8th Floor
New York, New York 10018
(347) 502-6464

2/8/2024

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
STEVENS & COMPANY, LLC
D/B/A THE CHEF AGENCY,

                    Plaintiff,

          -against-

JIAQI TANG
And NICOLE MILLER,

                    Defendants
-----------------------------------------------------------------------x

Case No.: 23-CV-1835 (JPO)

## AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY

      I, _____, declare as follows:

      1.    I have read and am familiar with the terms of the Stipulation and Protective Order Regarding Confidentiality ("Order") in the above-captioned case governing disclosure of information designated as confidential.

      2.    I have been informed by counsel that certain documents or information to be disclosed to me in connection with this litigation have been designated as Confidential Information (as defined in the Order) pursuant to the Order.

      3.    I understand and agree that any information designated as "Confidential" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case, and that I may not disclose, convey, publish, or duplicate any of said Confidential Information other than under the limited conditions permitted in the Order.

      4.    I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Order. I agree not to use any Confidential

Information for any purpose other than the litigation of the above-captioned matter. If I experience any sort of data breach involving Confidential Information, I understand it is my obligation to notify counsel of that breach immediately.

5. At the conclusion of this litigation, I will return all Confidential Information to the party/attorney from whom I received it, as well as all copies thereof, and will destroy any notes in my possession containing any Confidential Information covered by the terms of this Order.

6. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any issue or dispute arising under this Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court. I acknowledge that the Order is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Agreement or the Order.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this ____ day of _____, 202__, at _____.

_____
Signature

_____
Printed Name

_____
Address